J. S06039/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                            :              PENNSYLVANIA
                                    v.                      :
                                                            :
MARQUIS ALFORD,                         :              No. 3219 EDA 2017
                                                            :
                        Appellant            :

Appeal from the PCRA Order, September 28, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0003923-2008,
CP-51-CR-0003925-2008, CP-51-CR-0003927-2008

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                    **FILED JUNE 25, 2019**

Marquis Alford appeals from the September 28, 2017 order entered in the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

The record reflects that on November 10, 2008, appellant entered a negotiated guilty plea to one count each of criminal attempt (murder), robbery, criminal conspiracy (robbery), possession of an instrument of crime, and aggravated assault[1] in connection with a crime spree that he engaged in with his co-defendant, William Brown.  On the same day, the trial court

---

[1] 18 Pa.C.S.A. §§ 901(a), 3701(a)(1)(ii), 903(a)(1), 907(a), and 2702(a), respectively.

sentenced appellant to 15 to 30 years of imprisonment. Appellant did not file

post-sentence motions or a direct appeal.

> Instead, on August 13, 2009, he sought relief pursuant to the [PCRA] claiming that his counsel coerced him into a plea where the prosecution did not have sufficient evidence to support the elements of the alleged crimes. Appointed counsel filed a **_Finley_** letter[2] and Motion to Withdraw as Counsel on December 1, 2010. On January 10, 2011, Judge O'Grady filed a Dismissal Notice under Rule 907. However, on April 11, 2011, the Court permitted [a]ppellant to withdraw his PCRA Petition prior to dismissal. On June 5, 2012, [a]ppellant then sought relief again pursuant to the PCRA through a **_pro se_** PCRA Petition, as well as an Amended PCRA Petition, but the petition was dismissed on September 28, 2017 because the issues raised in [a]ppellant's petition were without merit and untimely.

> Appellant then filed a timely Notice of Appeal to the Superior Court of Pennsylvania. On February 14, 2018, the Honorable Sean F. Kennedy entered an Order pursuant to Pa.R.A.P. 1925(b) giving [a]ppellant twenty-one (21) days in which to file a concise Statement of [Errors] Complained of on Appeal. This Court[3] filed an Opinion on May 1, 2018 requesting that [a]ppellant's appeal be dismissed, as he failed to file a timely concise [Rule 1925(b) statement] within twenty-one (21) days.

> Appellant then filed a concise [Rule 1925(b) statement] and an Application for Remand on June 18, 2018. The Superior Court remanded the case for filing of [a]ppellant's [Rule] 1925(b) [statement] and requested that the Court issue a supplemental opinion if necessary.

---

[2] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (**_en banc_**).

[3] Judge Kennedy authored the Rule 1925(a) opinion.

PCRA court supplemental opinion, 8/6/16 at 3-4.

After remand, appellant filed his Rule 1925(b) statement. Thereafter, the PCRA court filed a supplemental Rule 1925(a) opinion.[4]

Appellant raises the following issue for our review: "Was the PCRA petition filed timely?" (Appellant's brief at 9.)

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on November 10, 2008. Appellant failed to file a direct appeal to this court. Consequently, appellant's judgment of sentence became final on December 10, 2008, thirty days after

---

[4] Judge Kennedy authored the supplemental Rule 1925(a) opinion.

imposition of sentence and the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed June 5, 2012, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the petitioner's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). The petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

In this appeal, appellant claims that, at the time of his plea, plea counsel:

> informed him that even though he asserted his innocence that he did not have any chance to win the case because his co-defendant[, William Brown,] had taken a deal with the District Attorney, failing to do

> any investigation and maintaining that he would get more time if he did not take the deal and that he could do nothing for him if he did not take the deal being offered by the District Attorney. On May 1, 2012 [appellant] received a statement/affidavit from his co-defendant William Brown in which [Brown] maintains that [Brown] alone was responsible for the crimes that both were charged with and that [appellant] was not involved.

Appellant's brief at 10.

The crux of appellant's argument is that had plea counsel investigated, plea counsel would have discovered that Brown alone was responsible for the crimes; and as such, plea counsel's failure to investigate constituted ineffectiveness because it resulted in an involuntary and unknowing plea.

Appellant's underlying ineffectiveness of plea counsel claim falls under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii) (to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence ineffective assistance of counsel that so undermined the truth-determining process that a reliable adjudication of guilt or innocence could not have taken place). Appellant's petition, however, is untimely. Our supreme court has explained that ineffective assistance of counsel claims do not satisfy any statutory exception to the time-bar. *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (explaining that allowing a PCRA petition to raise new claims of ineffective assistance of counsel more than a year after judgment of sentence became final directly conflicts with the legislative mandate of Section 9545(b)(1) of the PCRA). Therefore,

appellant's claim that plea counsel was ineffective for failing to discover that only Brown committed the crimes prior to entry of appellant's guilty plea does not fall within an exception to the PCRA's time-bar.

Appellant nevertheless attempts to circumvent the time-bar by contending that Brown's unsworn statement is a newly discovered fact and because appellee filed his petition within 60 days[5] of receiving Brown's statement, it falls under the newly discovered facts exception to the PCRA time-bar.

The "newly discovered facts" exception at Section 9545(b)(1)(ii) requires a petitioner to plead and prove that he: (1) did not know the fact(s) upon which he based his petition; and that he (2) could not have learned those fact(s) earlier by the exercise of due diligence. *Commonwealth v. Shiloh*, 170 A.3d 553 (Pa.Super. 2017). Recently, this court reiterated in *Commonwealth v. Shannon*, 184 A.3d 1010, 1015-1016 (Pa.Super. 2018), that to fall within the timeliness exception for newly discovered facts, "the factual predicate of the claim must not be of public record and must not be

---

[5] The 60-day rule applicable to appellant's claim was codified at 42 Pa.C.S.A. § 9545(b)(2) and required that "[a]ny petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented." A 2018 amendment to Section 9545(b)(2) substituted "within one year" for "within 60 days." The effective date of the amendment is December 24, 2018, and the amendment applies to claims arising one year before the effective date or thereafter. *See* Act 2018-146, § 3. Therefore, because appellant's claim arose prior to December 24, 2017, the 60-day rule applies.

facts that were previously known but are now presented through a newly discovered source."

Here, the factual predicate of Brown's statement is appellant's innocence and Brown's guilt. Because appellant was present at the scene of the crimes with Brown, however, appellant had every reason to know that he was innocent and his co-defendant was guilty. At best, then, Brown's statement is a previously known fact presented through a new source. Therefore, Brown's statement does not fall within the timeliness exception for newly discovered facts.

Consequently, appellant has failed to invoke a valid exception to the time-bar, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/19